IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL F. HARRISON,

      Plaintiff,                    No.  2:12-cv-2000 KJM CKD P

   vs.

SERGEANT LINDE, et al.,

      Defendants.           <u>ORDER</u>

                                /

          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's motions filed on October 12, 2012 and October 15, 2012 are before the court.

          Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find that exceptional circumstances exist.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In his motion requesting the appointment of counsel, plaintiff further states he is being denied access to courts at California State Prison- Sacramento.  Plaintiff requests that CSP-Sacramento be ordered to (1) return his legal material and personal property; (2) give him regular access to the law library; (3) see that his legal copies be made by the librarian rather than inmates; and (4) provide him with three ink pens per week and 20 sheets of legal paper per day.  In a separate motion, plaintiff additionally requests a court order allowing him to purchase and keep a typewriter in his cell and to bar prison officials from taking the typewriter away for disciplinary reasons.

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-821 (1977).  This right encompasses more than access to an adequate law library: it includes access to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25.  To prevail, however, it is not enough for an inmate to show some sort of denial; he must also show "actual injury" from the denial or delay of services.  The Supreme Court has described the actual injury requirement as follows:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).

Here, plaintiff's motion is not specific as to the nature of his legal material that prison officials are allegedly withholding, nor to any specific injury that he has suffered as a result.  In addition, to any extent prison officials have denied him legal materials or services, it is clear that denial has not blocked him from filing the instant motions or other requests for relief in

this case. Under these circumstances, the court finds that plaintiff has not shown actual injury from the alleged denial of materials and services at this time.

It is further noted that plaintiff does not name the prison officials who are allegedly withholding legal materials or services from him. As a general rule, this court is unable to issue an injunctive order against individuals or entities who are not parties to the suit pending before it. See Zenigh Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Likewise, if the injury caused by the alleged deprivation hinders plaintiff from pursuing a claim other than the ones alleged in this case, the deprivation and injury are not redressable in this case. See, e.g., Benyamini v. Manjuano, 2011 WL 4963108 (E.D. Cal. Oct. 18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action. [Citations.]").

Finally, to the extent plaintiff asks this court to order the California Department of Corrections or CSP- Sacramento to do certain things or to refrain from doing certain things, plaintiff is advised that these entities are not parties to this action, and as stated, the court generally has no jurisdiction over them for such purposes. See Zenigh Radio Corp., 395 U.S. at 110.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and for court order (Dkt.No. 14) and motion for typewriter (Dkt. No. 15) are DENIED.

Dated: October 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
harr2000.31.misc