IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL F. HARRISON,

    Plaintiff,                         No. 2:12-cv-02000 KJM CKD P

    vs.

SERGEANT LINDE, et al.,

    Defendants.                      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. A motion to sever claims and dismiss misjoined defendants filed by two of the four named defendants is pending. (Dkt. No. 22.) Plaintiff opposes the motion, and defendants have filed a reply. (Dkt. Nos. 32, 34.)[1]

        In a screening order dated September 28, 2012, it was determined that plaintiff's complaint stated cognizable claims that defendants DeBoard and Lopez failed to protect him from an assault at the hands of another inmate in violation of the Eighth Amendment, and that defendants Simpson and Linde violated his constitutional right of access to the courts by impeding his presentation of an appeal to the Ninth Circuit Court of Appeals. All four

---

[1] A scheduling and discovery order will issue following the court's resolution of the pending motion to sever.

1

defendants have answered the complaint.

On January 3, 2013, Linde and Simpson moved to sever and dismiss DeBoard and Lopez from this action. Linde and Simpson assert that plaintiff's Eighth Amendment failure to protect claims against DeBoard and Lopez do not arise from the same transactions and occurrences, and do not share common questions of law and fact as plaintiff's First Amendment access to courts claim against Linde and Simpson. In the alternative, Linde and Simpson move pursuant to Fed. R. Civ. P. 20(b) and 42(b) to sever the trial of DeBoard and Lopez from the trial of Linde and Simpson because of the potential for jury confusion and prejudice to all defendants. Plaintiff opposes the motion to sever.

Multiple defendants may be joined in one action if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2); see also Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). As long as these requirements are satisfied, a plaintiff may join as many claims as he has against any defendant, even if those claims are unrelated. See Fed. R. Civ. P. 18(a).

Unrelated claims against different defendants, however, must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

As set forth in the court's screening order, plaintiff's complaint alleges as follows with respect to DeBoard and Lopez:

> [O]n March 12, 2009, ...defendants DeBoard and Lopez failed to protect him from an assault at the hands of three other inmates. Plaintiff alleges defendants DeBoard and Lopez watched three

> inmates threaten and yell at plaintiff for approximately two minutes and then watched the attackers punch and kick him for approximately two additional minutes while doing nothing to stop the assault and then failing to report the assault. Plaintiff sustained minor injuries; in addition, his existing back, hip, and knee problems were exacerbated.

(Dkt. No. 11 at 2.)

With respect to Linde and Simpson, plaintiff's complaint alleges:

> On March 18, 2009, defendants Linde and Simpson brought plaintiff's property to him and defendant Linde told plaintiff to give him an address where the property could be sent, or it would be destroyed. Plaintiff told defendants Linde and Simpson he had a pending legal action in the United States Court of Appeals for the Ninth Circuit, case no. 09-15492, and that the boxes including his legal material should be taken to his storage unit at Receiving and Release, there at Mule Creek State prison. Subsequently, plaintiff received a CDC 128-B chrono indicating the boxes were destroyed because plaintiff had refused to give an address where the boxes could be mailed. The 128 chrono indicated that staff found no pending court action necessitating that plaintiff's legal material be kept. Plaintiff alleges defendants Linde and Simpson fabricated the contents of the 128 chrono to conceal their improper destruction of plaintiff's property.

> Plaintiff alleges the legal materials in the boxes were being used in pending legal actions attacking his criminal conviction and sentence and would have proved (1) that he was not guilty, (2) that his trial counsel was intoxicated on pain killers during trial and rendered ineffective assistance of counsel; and (3) that he was incapable of effectively assisting both trial and appellate counsel. He further alleges the material was necessary for several legal actions he planned to bring in the future. As a result of the legal material being destroyed, all cases were lost.

(Dkt. No. 11 at 3.)

In opposition to the motion to sever, plaintiff sets forth the chain of events alleged in his complaint and argues that all the defendants acted in "one course of bad conduct" starting with defendants DeBoard and Lopez and ending with defendants Linde and Simpson. (Dkt. No. 32 at 5.) Plaintiff asserts that Simpson is the "connecting rod" for the two sets of claims. (Id. at 6.) Plaintiff points out that after DeBoard and Lopez failed to protect plaintiff from the inmate assault, plaintiff waited until the next shift and then reported the assault to Simpson. (Id. at 3.)

3

Thus, plaintiff asserts, Simpson would be a necessary witness in both trials.

Plaintiff's argument is not convincing. This was not a single transaction or occurrence nor a related series of transactions or occurrences. Rather, the two sets of allegations in plaintiff's complaint are factually distinct and distinct in time and place, except for having all occurred at Mule Creek State Prison.

Plaintiff argues that the two sets of claims are linked because it was plaintiff's complaints about the conduct of DeBoard and Lopez which caused Linde and Simpson to destroy his legal property in an act of retaliation. (Dkt. No. 32 at 5.) This novel theory of liability not pleaded in the complaint will not be considered in regard to the pending motion to sever. See generally Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (holding that new allegations contained in an opposition motion are irrelevant because they are not part of the operative pleadings).

Plaintiff's failure to protect claims and access to courts claims do not arise out of the same transaction or occurrence as his access to courts claims against Linde and Simpson, and do not share common questions of law and fact. Plaintiff's claims do not meet the requirements for permissive joinder. Accordingly, on Linde and Simpson's motion, the misjoined defendants DeBoard and Lopez should be dismissed without prejudice to plaintiff's filing of a new, separate lawsuit against DeBoard and Lopez. See Coughlin, 130 F.3d at 1350-52; Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to sever (Dkt. No. 22) be GRANTED; and
2. Plaintiff's Eighth Amendment claims against defendants DeBoard and Lopez be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
harr2000.157.sever