UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL F. HARRISON, | No. 2:12-cv-2000 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| LINDE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a complaint pursuant to 42 U.S.C. § 1983 in which he alleges that defendants failed to protect him from assault in violation of the Eighth Amendment. On June 3, 2013, plaintiff filed a "motion for court order to preserve evidence" in which he asserted that prison staff at Corcoran State Prison ("Corcoran") were holding seventeen boxes of his legal material related to pending litigation and had indicated they were going to destroy them. (ECF No. 41.) Defendants did not respond to the motion.

On June 24, 2013, plaintiff filed a second motion asserting that his legal material had been withheld from him since his transfer to Corcoran in August 2012. (ECF No. 42.) Attached documents indicate that, as of January 10, 2013, plaintiff's legal property had been received at Corcoran but not yet issued to plaintiff. (Id. at 13.) As of April 18, 2013, plaintiff's request for

1

1  his legal property had been "forward to the Appeals Coordinator at SAC for further action." (Id.
2  at 19.) Plaintiff again requests that this court issue an "order to preserve evidence" so that he can
3  continue to litigate the present action.

4      The court construes plaintiff's motion as seeking a protective order because a proper
5  motion for injunctive relief must relate to the allegations of the complaint and seek an outcome
6  that may ultimately be available in the action. See, e.g., Frazier v. Redding Police Dept., 2012
7  WL 510903, *2 (E.D. Cal. Feb. 15, 2012) (construing plaintiff's motion for access to his legal
8  property as motion for protective order where plaintiff's complaint alleged excessive force).

9      Usually persons or entities not parties to an action are not subject to orders for injunctive
10 relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact
11 one is not a party does not automatically preclude the court from acting. The All Writs Act, 28
12 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their
13 jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C.
14 George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co.,
15 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it
16 wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its
17 jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir.1979).

18     Here, the court is concerned that plaintiff allegedly has been denied access to his legal
19 property since August 2012. Because the court may lose its jurisdiction if plaintiff is unable to
20 prosecute this action, relief under the All Writs Act may be appropriate. Accordingly the court
21 will order defendants to respond to plaintiff's June 24, 2013 motion.

22     IT IS HEREBY ORDERED that within twenty-one days of the date of this order,
23 defendants shall file a response to plaintiff's June 24, 2013 motion.

24 Dated: July 1, 2013

                                         CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE

28 2 / harr200.ord