UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL F. HARRISON, | No. 2:12-cv-2000 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| LINDE, et al., | |
| Defendants. | |

This pro se prisoner action brought pursuant to 42 U.S.C. § 1983 proceeds against defendants DeBoard and Lopez.[1] (ECF No. 46.) Before the court is plaintiff's June 24, 2013 motion for a protective order to prevent prison officials from destroying seventeen boxes of his legal materials. (ECF No. 42; see also ECF Nos. 41 (similar motion), 43 (construing plaintiff's motion as seeking protective order).) Defendants have filed an opposition (ECF No. 47), and plaintiff has filed a reply (ECF No. 48).

In moving for a protective order, plaintiff must make a good cause showing that without it, he would be significantly impeded from litigating this action. "For good cause to exist, the

---

[1] On July 25, 2013, the claims in this case were severed into two separate actions: the instant case and Case No. 2:13-cv-1510 KJM CKD P, proceeding against defendants Simpson and Linde. Because the instant motion is pending in that action as well, the court will direct the Clerk of Court to note that this order resolves the pending motion in both actions.

1

party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206 1210–11 (9th Cir. 2002). The focus of the harm in protective order situations is harm to the ability to litigate, not irreparable harm to the plaintiff. See Pope v. Garcia, 2012 WL 1552431, *3 (E.D. Cal. 2012).

In his motion, plaintiff contends that, since his transfer to Corcoran State Prison ("Corcoran") in August 2012, his legal property, consisting of "17 boxes of evidence and documents," has been "withheld from him." (ECF No. 42 at 2.) He asserts that the boxes are being held at Corcoran's Receiving and Release unit ("R&R"), and that he "has been verbally told that his 17 boxes of legal material will be destroyed unless he can prove that every piece of paper in the 17 boxes" is needed in the instant action. He seeks an order prohibiting prison officials from destroying the contents of these boxes. (Id. at 3.)

In opposition to the motion, defendants have submitted a declaration by C. Rodriguez, the property officer at Facility 3B at Corcoran, stating the following:

1. R&R is a warehouse area where inmate property is held while prisoners are being processed into and out of Corcoran. It is also where inmate property is stored while inmates are housed at the prison, if their property exceeds the maximum volume of personal property that inmates are allowed to keep in their cells per CDCR's Departmental Operations Manual ("DOM").[2]

2. Per the DOM, inmates can request that excess legal materials be stored in R&R, but only for active cases. If an inmate's excess property includes legal material for inactive cases, he can ship such material to a location of choosing, but it cannot be stored at the institution. (See

---

[2] Under DOM section 54030.10.2, an inmate may possess legal materials, documents, and books as part of the six cubic feet of personal property allowed in his cell. He may also possess an additional one cubic foot of legal materials/documents related to active cases, and request that the prison securely store any excess material relating to active cases. Inmates are to have weekly access to their stored legal material for active cases. Legal materials/documents and books that do not pertain to an active case and are in excess of the property limits will be disposed of pursuant to DOM section 54030.12.2, providing that inmates can pay for excess property to be shipped to an address of their choice. If they lack funds to do so, the excess property may be destroyed.

1  n.2.)

2        3. Plaintiff is housed in Corcoran's Facility 3B. On June 22, 2013, Corcoran's R&R unit sent plaintiff's seventeen boxes of property to the Facility 3B property officer's (i.e., Rodriguez's) office. Eleven boxes contained legal materials; the other six contained personal property. On that date, Rodriguez and plaintiff inventoried his personal property. As to the eleven boxes of legal materials, Rodriguez told plaintiff that he would need to provide documentation of active cases, and that he could ship materials pertaining to inactive cases elsewhere, but they could not be stored at Corcoran.

9        4. Between June 22, 2013 and July 29, 2013, plaintiff was given multiple opportunities to sort through the eleven boxes of legal materials and divide the contents between active and inactive cases. As of July 29, 2013, plaintiff had not completed this task, citing health problems, the hot temperature, and other issues.

13        5. As of July 29, 2013, the eleven boxes were still sitting in Rodriguez's office, waiting to be sorted through. They would soon be returned to R&R. After that, plaintiff would have to go to R&R and organize his papers there.[3]

16  In their opposition to the motion, defendants assert that "[t]here is no threat that Plaintiff's legal papers will be disposed of in the interim, however." (ECF No. 47 at 4.)

18  In reply to defendants' opposition, plaintiff asserts that he has "already told Corcoran Staff that all of his legal material in the boxes is related to the pending case but they still refuse to listen to him and demand that he sort out and either discard or send out some legal materials." (ECF No. 48 at 2.) He contends that, due to confidentiality of his legal documents, prison staff "will have to rely on Plaintiff's word" that all the material is related to a pending case, "yet they still want him to go through and sort it[.]" (Id. at 4.)

24  On this record, plaintiff has not met his burden to show that, without a protective order, he will be significantly impeded from litigating this action. Rather, it appears that if plaintiff simply follows CDCR procedures with respect to legal materials in active cases, such materials will be

---

[3] (See Decl. of C. Rodriguez, ECF No. 47-1.)

3

1  preserved and he will be entitled to weekly access to them for the duration of his active case(s).
2  Plaintiff's concerns about confidentiality, if he follows these procedures, do not render the
3  procedures unreasonable, nor do they warrant relief.
4        Accordingly, IT IS HEREBY ORDERED THAT:
5        1.  Plaintiff's June 24, 2013 motion for court order to preserve evidence (ECF No. 42) is
6  denied;
7        2.  Plaintiff's June 3, 2013 motion for court order to preserve evidence (ECF No. 41) is
8  also denied for the reasons set forth above;
9        3.  The Clerk of Court will amend the docket of Case No. 2:13-cv-1510 KJM CKD P to
10  reflect that plaintiff's identical pending motions in that case (ECF Nos. 41, 42) are denied per this
11  order.
12  Dated:  August 19, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

18  2 / harr2000.po