UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL F. HARRISON, | No. 2:13-cv-1510 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| LINDE, et al., | |
| Defendants. | |

This pro se prisoner action brought pursuant to 42 U.S.C. § 1983 proceeds against defendants Linde and Simpson. (See ECF No. 46.) Discovery is proceeding until December 6, 2013. (ECF No. 49.) Before the court are several pending motions by plaintiff, most of which concern discovery issues. Defendants have so far opposed one such motion, arguing that it is premature. As no further briefing is necessary, the court addresses all pending motions herein.[1]

I. Discovery Motions

On September 23, 2013, plaintiff filed a motion to compel discovery, arguing that defendants failed to answer numerous discovery requests, which he attached to the motion. (ECF

---

[1] In addition to the motions addressed herein, plaintiff recently filed three duplicative motions. (ECF Nos. 60, 61, 62.) As these motions appear to have been erroneously filed twice, they will be disregarded.

1

1  No. 52.)  On October 7, 2013, defendants filed an opposition, arguing that the motion should be
2  denied as premature because the deadline for defendants' response had not yet passed.
3  Defendants further stated that they had not received two sets of plaintiff's attached discovery
4  requests, which were not accompanied by proofs of service, and that defense counsel had written
5  to plaintiff offering to respond to this discovery if and when it was propounded.  (ECF No. 56.)
6  As defendants' arguments have merit, this motion will be denied as premature.

7  On November 7, 2013, plaintiff filed a second motion to obtain discovery.  (ECF No. 58.)
8  The motion consists of a list of information he would like defendants to provide.  Plaintiff is
9  informed that court permission is not necessary for discovery requests and that neither discovery
10  requests served on an opposing party nor that party's responses should be filed until such time as
11  a party becomes dissatisfied with a response and seeks relief from the court pursuant to the
12  Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with
13  the court unless, and until, they are at issue.  Accordingly, this motion will be denied.

14  Also on November 7, 2013, plaintiff filed a motion "to have defendants answer the . . .
15  questions they failed to answer" in certain interrogatories propounded by plaintiff.  Plaintiff
16  asserts that defendants responded to these interrogatories on October 23, 2013, but he fails to
17  attach their responses.  Plaintiff also seeks to propound additional interrogatories.  (ECF No. 59.)
18  Plaintiff has provided no record of what objections defendants made to his requests and has failed
19  to carry his burden to show why their responses are inadequate.  See Williams v. Cate, 2011 WL
20  6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court . . .
21  for each disputed response, why Defendant's objection is not justified. . . . Plaintiff may not
22  simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an
23  order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal.
24  Mar. 27, 2008); see also Cal. Rules of Court, Rule 3.1345 (party moving to compel discovery
25  responses must include reasons why further answers should be ordered: legal or factual arguments
26  why the answers given were incomplete or nonresponsive, or the objections invalid).   Thus this
27  motion to compel will be denied.  The court declines at this time to grant plaintiff leave to serve
28  additional interrogatories beyond the limit set forth in Rule 33(a)(1) of the Federal Rules of Civil

Procedure.

II. <u>Motion for Injunctive Relief</u>

On October 2, 2013, plaintiff filed a motion seeking an order directing the Warden of California State Prison, Corcoran to allow him "to make legal copies in excess of 100 pages." (ECF No. 55.) He asserts that prison law library staff's failure to make the desired number of copies has resulted in his being unable to file a proposed amended complaint. He further complains that the process for obtaining approval to make copies takes too long. Plaintiff has made previous requests for an order directing prison officials to supply him with legal materials and/or services. These have been denied. (<u>See</u> ECF Nos. 16, 46.)

As set forth in this court's order of February 25, 2013, an inmate has a constitutionally protected right of meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 820-821 (1977). To prevail on a request for relief, however, it is not enough for an inmate to show some sort of denial: he must also show "actual injury" from the denial or delay of services." <u>Lewis. v. Casey</u>, 518 U.S. 343, 351 (1996). Here, plaintiff has not shown actual injury from the alleged denial of services. Moreover, the court lacks jurisdiction over the Warden and/or prison law library staff, as they are not defendants in this action. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). Plaintiff cannot, by this motion, enjoin persons who are not defendants in the underlying action, based on claims that are not set forth in the operative complaint. Accordingly, plaintiff's motion for injunctive relief will be denied.[2]

III. <u>Limiting Order</u>

Plaintiff's filing of frivolous motions is a burden on this court and impedes the proper

---

[2] Local Rule 302 of the Eastern District of California authorizes magistrate judges to handle all aspects of a prisoner's case short of jury trial. This rule reflects the contours of magistrate judge authority established by Congress. Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, <u>see</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, <u>see</u> <u>De Beers Consolidated Mines, Ltd. v. United States</u>, 325 U.S. 212, 219-200. <u>See</u> 28 U.S.C. § 636(b) (1)(A). As plaintiff seeks injunctive relief unrelated to defendants Linde and Simpson's alleged interference with plaintiff's appeal of his criminal conviction in 2009, his motion is properly before the undersigned for disposition by order. (<u>See</u> ECF No. 36 .)

prosecution of this action. Plaintiff's future filings shall therefore be limited as set forth below.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's September 23, 2013 motion to compel discovery (ECF No. 52) is denied;

2. Plaintiff's October 2, 2013 motion for law library access (ECF No. 55) is denied;

3. Plaintiff's November 7, 2013 motion for discovery (ECF No. 58) is denied;

4. Plaintiff's November 7, 2013 motion for additional interrogatories (ECF No. 59) is denied;

5. Plaintiff may only file the following documents:

   a. One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;

   b. One opposition to any motion filed by defendants (and clearly titled as such);

   c. Only one non-dispositive motion pending at any time. Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

   d. One set of objections to any future findings and recommendations.

Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

Dated: November 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harr1590.limit