UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL F. HARRISON, | No. 2:13-cv-1510 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. LINDE, et al., | |
| Defendants. | |

Plaintiff has requested an extension of time to oppose defendants' motion for summary judgment. (ECF No. 82.) It appears from the docket that plaintiff has already filed an opposition (ECF No. 81); however, in that filing he seeks to stay the summary judgment motion until he receives certain documents in discovery. See Fed. R. Civ. P. 56(d) (formerly Rule 56(f)).[1] The court therefore will treat ECF No. 81 as a motion for a continuance.

A party requesting a continuance pursuant to Rule 56(d)

---

[1] Fed. R. Civ. P. 56(d) provides:
(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or to take discovery; or
    (3) issue any other appropriate order.

1

> must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. See Fed. R. Civ. P. 56(f); California v. Campbell, 138 F.3d 772, 779 (9th Cir.1998); see also 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2740 (3d ed.1998) ( "when the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)").

Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Bare allegations or vague assertions of the need for discovery are not sufficient.  See Keebler Co. v. Murray Bakery Products, 866 F.2d 1386, 1389 (Fed. Cir. 1989).  Rather, the party moving for continuance must explain how the sought-after facts will suffice to defeat the pending summary judgment motion.  Tatum, 441 3d. at 1101.

    Here, defendants move for summary judgment on plaintiff's access-to-court claims, arguing that (1) plaintiff suffered no injury from the loss of his legal property, which defendants mistakenly disposed of while plaintiff's federal habeas appeal was pending; and (2) defendants are entitled to qualified immunity.  (ECF No. 79.)  In his Rule 56(d) motion, plaintiff lists the documents he seeks to oppose summary judgment, which concern an alleged attack on plaintiff by other inmates and defendants' alleged retaliation.  (ECF No. 81 at 6.)  The court finds that plaintiff has not made a showing sufficient to satisfy Rule 56(d), and thus will deny plaintiff's request for a continuance.

    Plaintiff will be granted an additional thirty days to file an opposition to summary judgment.[2]  (See ECF No. 82.)  Failure to timely file an opposition will result in a recommendation that this action be dismissed.

    Plaintiff also has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

---

[2] In his motion for extension of time, plaintiff seeks leave to file an opposition to summary judgment and "related motions."  (ECF No. 82.)  Per the limiting order issued November 19, 2013, no "related" motions are warranted at this stage of the litigation, and any frivolous motions filed by plaintiff will be stricken from the record.  (ECF No. 63.)

28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall re-designate ECF No. 81 as a "Motion for Continuance Pursuant to Rule 56(d)." That motion is hereby denied.
2. Plaintiff's motion for extension of time (ECF No. 82) is granted.
3. Plaintiff is granted thirty days from the date of this order to file an opposition to summary judgment.  Failure to timely file an opposition will result in a recommendation that this action be dismissed.
4. Plaintiff's request for the appointment of counsel (ECF No. 84) is denied.

Dated: July 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/harr1510.56d

3