1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARL F. HARRISON,                          No.  2:13-cv-1510 KJM CKD P

12                    Plaintiff,

13          v.                                    FINDINGS & RECOMMENDATIONS

14    LINDE, et al.,

15                    Defendants.

16

17

18    I.  Introduction

19          This pro se prisoner civil rights action pursuant to 42 U.S.C. § 1983 proceeds on the

20    complaint filed July 31, 2013 against defendants Linde and Simpson.[1]  (ECF No. 1.)  Plaintiff

21    claims that defendants violated his First Amendment right to access the courts, as they disposed

22    of his legal documents while an appeal in his federal habeas case was pending.  (Id.)

23          Before the court is defendants' May 5, 2014 motion for summary judgment.  (ECF No.

24    79.)  Plaintiff has filed an opposition.  (ECF No. 85.)  Having carefully reviewed the record and

25    the applicable law, the undersigned will recommend that defendants' motion be granted.

26    ////

27    ────────────────────────

28    [1] Plaintiff's claims against two other defendants were severed and are the subject of a separate
action.  (ECF No. 46.)

1

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. <u>See</u> <u>Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than

1   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

2   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

3   'genuine issue for trial.'"  <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

4   III.  <u>Facts</u>

5           The following facts are undisputed[2]:

6           Plaintiff is a state prisoner who, at all relevant times, was housed at Mule Creek State

7   Prison.  In 1994, a Fresno jury convicted plaintiff of multiple counts of sexual offenses against

8   minors, for which plaintiff was sentenced to 121 years in prison.  In the years that followed,

9   petitioner challenged his convictions through direct appeals and successive petitions for writs of

10  habeas corpus in the California courts.

11          In January 2003, plaintiff filed a petition for writ of habeas corpus in the U.S. District

12  Court for the Eastern District of California, invoking 28 U.S.C. § 2254(a).[3]  Petitioner raised 46

13  claims for relief in his original and amended petitions.  The matter was litigated on the merits, and

14  thousands of pages of arguments and evidence were entered into the record.  In February 2009,

15  the district court denied all claims in plaintiff's petition in a 66-page memorandum opinion and

16  order.  At the conclusion of the order, the district court noted that plaintiff could not proceed with

17  an appeal of the judgment "absent a certificate of appealability," which the district court declined

18  to issue as it found no denial of a constitutional right.[4]  Judgment was entered and the case closed.

19          Several weeks later, defendants Correctional Sergeant Linde and Correctional Officer

20  Simpson confiscated twelve boxes of plaintiff's personal property from his cell at MCSP.  The

21  boxes contained legal papers and reading and writing materials.  Plaintiff asserts, and the court

22  assumes for purposes of the motion, that the boxes contained legal materials relating to <u>Harrison</u>

23
24  [2] <u>See</u> ECF No. 79-2 (Defendants' Statement of Undisputed Facts) and ECF No. 85 at 44-47 (Plaintiff's Statement of Disputed Facts).

25
26  [3] <u>See</u> docket of <u>Harrison v. Mule Creek State Prison</u>, Case No. 1:03-cv-5122 OWW WMW (E.D. Cal.).  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

27
28  [4] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

3

1   v. Mule Creek State Prison and other claims that plaintiff intended to pursue in court.  The parties

2   dispute the circumstances under which these materials were confiscated, inventoried, and

3   discarded on March 18, 2009.

4          On March 16, 2009, the U.S. Court of Appeals for the Ninth Circuit docketed plaintiff's

5   appeal of the district court's judgment.[5]  That day, the Ninth Circuit issued a letter to plaintiff

6   stating that "[a] briefing schedule will not be set until the court determines whether a certificate of

7   appealability should issue."  See Ninth Circuit Rule 22-1(e) ("Petitioners shall only brief issues

8   certified by the district court or the court of appeals.").  In making the determination whether a

9   certificate of appealability (COA) should issue, the Ninth Circuit had before it the entire record

10  that the district court relied on in making its findings.  See Harrison, Dkt. Entry 3; Ninth Circuit

11  Rule 22-1(b) ("If the district court denies a COA in full in a § 2254 proceeding . . . , the district

12  court clerk shall forward the entire record to the court of appeals.").

13         On September 29, 2010, the Ninth Circuit denied plaintiff's request for a certificate of

14  appealability.  It did so without having requested briefing by the parties.  On November 18, 2010,

15  the Ninth Circuit denied plaintiff's motion to reconsider the denial of a COA, and ordered that

16  "no further filings" would be accepted in this "closed case."

17  IV.  Analysis

18         Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

19  518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  The right of access

20  to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is

21  limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at

22  354.  A prisoner alleging a violation of his right of access to the courts must demonstrate that he

23  has suffered "actual injury."  Lewis, 518 U.S. at 349-50.  The actual-injury requirement mandates

24  that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being

25  impeded."  Id. at 353. "Actual injury is a jurisdictional requirement that flows from the standing

26  doctrine and may not be waived.  It is actual prejudice with respect to contemplated or existing

27  _____

28  [5] See docket of Harrison v. Mule Creek State Prison, Appeal No. 09-15492 (9th Cir.).

4

1  litigation, such as the inability to meet a filing deadline or to present a claim." <u>Nevada Dept. of</u>

2  <u>Corrections v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011), citing <u>Lewis,</u> 518 U.S. at 343, 348

3  (internal quotation marks omitted).

4       Here, plaintiff has not created a genuine dispute of fact as to whether the destruction of his

5  legal materials caused him actual injury.  Based on the voluminous record in his federal habeas

6  action, first the district court, and then the Ninth Circuit, denied petitioner a COA – both

7  effectively determining that petitioner did not present a "nonfrivolous legal claim" on appeal.

8  Although petitioner's appeal was pending when his case materials were discarded, he did not miss

9  a deadline, or lose the opportunity to present a claim, as a result.  Nor has plaintiff shown that he

10 was "actually injured" with respect to any potential, non-frivolous claim that had not been

11 litigated in the fifteen years since his conviction.

12      As plaintiff fails to make the necessary showing on the "actual injury" element of his

13 access-to-courts claim, the court need not reach whether there is a genuine dispute of fact as to

14 other elements, nor defendants' argument that they are entitled to qualified immunity.

15      Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary

16 judgment (ECF No. 79) be granted.

17      These findings and recommendations are submitted to the United States District Judge

18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19 after being served with these findings and recommendations, any party may file written

20 objections with the court and serve a copy on all parties.  Such a document should be captioned

21 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are

22 advised that failure to file objections within the specified time may waive the right to appeal the

23 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24 Dated:  January 30, 2015

25 _____

26 CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

27 2 / harr1510.sj

28

5